The opinion of the Court was delivered by
Gibson J.
It is not clear that the verdict in the former suit by Magauran and his wife was incompetent evidence, on the ground of its having been between different parties ; for the reason why a verdict against a party engaged in a former suit is not evidence in favour of a stranger, being, that evidence inadmissible between particular -parties, might be . admissible between other parties, and so lead to a different decision of the fact, could not operate here, because Magauran, theplaintiff in the second suit was, at least for form’s sake, a party on the record with his wife to the first, and could not, therefore, by admitting the verdict, have indirectly had the benefit of evidence which he would be precluded from laying before the jury in this suit. But as there is unquestionable ground on which the rejection of the evidence may be supported, it is unnecessary to express an opinion on this, or on the ground assumed by the Court below, that as the charge which the words laid in the present suit import, is general in its nature, the specific facts relied on as a justification should have been disclosed in the plea, or that at least notice of special matter should have been given. The plaintiff below was charged in the libel with being a liar, and hav *280 ing suborned his own son to commit perjury. In justification of the first part of the charge, the defendant proved that the plaintiff had formerly told a slanderous tale of the defendants wife, to prove the falsity of which, he offered in evidence the record of a former recovery by himself and his wife, in an action of slander. Now had this evidence been offered to prove merely the speaking of the words for which that suit was brought, I am far from saying it would not have been admissible ; because the plea being not guilty, that very fact was put in issue: but here it- was not offered to prove what had been directly found by the former jury, but, in fact, what they never passed on, the falsehood of the charge. The verdict, if evidence-at all, would be conclusive ; but we at once discover the injustice there would be in that; for no one ought to be concluded on a point which he never submitted. If, indeed, the defendant in the former suit had put his defence on the truth of the charge, and had failed in the proof, it would have been his misfortune, and the matter having passed in rent judicatam, he would have been precluded from contesting it when again coming in question incidentally in a second suit: but where, conscious of his inability to make out the fact, he declines the investigation of it, and draws the inquiry to another point, it would he against both reason and law to prevent him from using whatever means fortune may subsequently have put into his hands, to rebut a charge, with respect to which he may, though with a good defence, have been in a defenceless state. This may possibly have' been the case in the suit by Magauran and his wife against Patterson, who distrusting his ability to prove the truth of the charge, may have thought it the safer course to put the issue either on his never having spoken the words at all, or at least in the sense in which they were laid in the declaration: but his having refused to rest the defence on the truth of the words as laid, is so far from being a conclusive acknowledgment that they were untrue, that it does not necessarily raise even a presumption that they were so, because it might, under all circumstances; have been most eligible to trust to the plaintiff’s inability to prove the speaking, or to avoid the risque of enhanced damages from persisting in an unsupported accusation. A verdict is conclusive as to the fact found, and its operation would, therefore, be intolerably severe, if it were extended to any thing but what was directly and ex-. *281 pressly passed upon. Here the verdict established only the speaking of the words in the sense laid in the declaration, and being offered as conclusive proof of their falsity, which it did not on the face of the record purport to decide, it was properly rejected. „
Judgment affirmed.